IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SANDOR TORRES THIESSEN,

             Petitioner,           No. 2:13-cv-0722 LKK KJN P

   vs.

WILLIAM KNIPP, Warden,        ORDER AND

             Respondent.      FINDINGS & RECOMMENDATIONS

_____/

I. Background

          Petitioner is a state prisoner proceeding without counsel.  On April 12, 2013, petitioner filed an application for writ of habeas corpus, and a motion to stay this action while he awaits a ruling on his ineffective assistance of counsel claims in the Sacramento County Superior Court.  Petitioner challenges his 2010 conviction, raising six claims of alleged ineffective assistance of trial counsel.  (ECF No. 4-8.)  Petitioner states that he filed a petition for writ of habeas corpus in the Sacramento County Superior Court, but that his petition was not considered on the issues he submitted, and was denied on issues he did not raise in the March 18, 2013 petition.  (ECF No. 2.)  Petitioner states he has re-submitted his claims and asked the court to consider his claims for exhaustion purposes.  Petitioner seeks to stay this action, which he contends contains both exhausted and unexhausted claims.  (Id.)

1

1    As discussed more fully below, the court finds that the claims raised in the instant

2    petition are unexhausted; thus, the petition should be dismissed without prejudice, and the

3    motion for stay be denied.

4    II.  Exhaustion of Remedies

5    The exhaustion of state court remedies is a prerequisite to the granting of a

6    petition for writ of habeas corpus.  28 U.S.C. § 2254(b)(1).  If exhaustion is to be waived, it must

7    be waived explicitly by respondent's counsel.  28 U.S.C. § 2254(b)(3).[1]  A waiver of exhaustion,

8    thus, may not be implied or inferred.  A petitioner satisfies the exhaustion requirement by

9    providing the highest state court with a full and fair opportunity to consider all claims before

10   presenting them to the federal court.  Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v.

11   Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985), cert. denied, 478 U.S. 1021 (1986).

12   The records provided by petitioner demonstrate the following.  Petitioner was

13   convicted on July 22, 2010, in Sacramento County Superior Court.  (ECF 1 at 1.)  On direct

14   appeal, in Case No. C065896, petitioner raised the following claims:  (a) petitioner's confession

15   was coerced in violation of due process; (b) an improper gang reference violated due process;

16   (c) it was error to include the term "kill zone" in the bystander attempted murder instruction; and

17   (d) there was insufficient evidence of personal firearm use to support the personal firearm

18   enhancement.  (ECF No. 1 at 2; 109-63.)  These claims were also raised in the petition for review

19   filed in the California Supreme Court.  (ECF No. 1 at 232-75.)  The California Supreme Court

20   denied the petition for review on April 11, 2012.  (ECF No. 1 at 13.)

21   Petitioner filed a petition for writ of habeas corpus in the Sacramento County

22   Superior Court, Case No. 12HC00532, which was denied on November 7, 2012.  (ECF No. 1 at

23   14.)  The superior court noted that petitioner "summarily" claimed that he was denied ineffective

24   assistance of counsel and due process, and attached what appeared to be a copy of the opening

25

26   [1] A petition may be denied on the merits without exhaustion of state court remedies.  28 U.S.C. § 2254(b)(2).

2

1  brief on appeal.  (Id.)  The superior court found that petitioner was attempting to relitigate claims

2  that were raised and rejected on appeal, which were procedurally barred under In re Waltreus, 62

3  Cal.2d 218 (1965).  (ECF No. 1 at 14.)  The superior court also found that petitioner had not

4  stated with particularity facts supporting a claim of factual innocence.  (ECF No. 15.)

5          Petitioner filed a second petition for writ of habeas corpus in the Sacramento

6  County Superior Court, Case No. 13HC00083, which was denied on March 18, 2013.  (ECF No.

7  18.)  The superior court found that the second petition was successive, and that petitioner's

8  ineffective assistance of counsel claim that defense counsel's failure to object to the introduction

9  at trial of the portion of the video interview that showed a detective wearing a gang suppression

10 vest was prejudicial, was barred by Robbins/Clark,[2] and did not meet any exception to that bar.

11 (ECF No. 1 at 19.)  Petitioner's claim that defense counsel was ineffective for failing to present

12 testimony that petitioner's index finger was too short to pull the shotgun trigger while holding it

13 with one hand was denied because petitioner failed to establish that he could not have pulled the

14 trigger.  (ECF No. 1 at 20.)  Petitioner's next ineffective assistance of counsel claim was denied

15 as barred by Robbins/Clark.  (Id.)

16         The Sacramento County Superior Court website reflects that petitioner has filed

17 subsequent petitions for writs of habeas corpus in the superior court.[3] [4]  On April 3, 2013,

18

19   [2] Robbins/Clark refers to the following cases:  In re Robbins, 18 Cal. 4th 770, 780 (1998), and In re Clark, 5 Cal. 4th 750 (1993).

20   [3] The court may take judicial notice of facts that are "not subject to reasonable dispute
21 because it . . . can be accurately and readily determined from sources whose accuracy cannot
   reasonably be questioned," Fed. R. Evid. 201(b),  including undisputed information posted on
22 official websites.  Daniels-Hall v. National Education Association, 629 F.3d 992, 999 (9th Cir.
   2010).  It is appropriate to take judicial notice of the docket sheet of a California court.  White v.
23 Martel, 601 F.3d 882, 885 (9th Cir.), cert. denied, 131 S. Ct. 332 (2010).  The address of the
   official website of the California state courts is www.courts.ca.gov.

24   [4] The court takes judicial notice of the docket sheet for plaintiff's criminal case filed in
   the Sacramento County Superior Court.  (Index Search System, Superior Court of California,
25 County of Sacramento, https://services.saccourt.com/indexsearchnew/CaseType.aspx, accessed
   May 21, 2013).  However, the docket sheet does not reflect the claims raised in a petition for writ
26 of habeas corpus ("writ").

1    petitioner filed a writ in Case No. 13HC00166, which was denied on April 18, 2013.  On April 8,

2    2013, petitioner filed a writ in Case No. 13HC00207, which was also denied on April 18, 2013.

3    On May 14, 2013, petitioner filed a writ in Case No. 13HC00307, which was denied on May 14,

4    2013.

5             However, petitioner failed to raise the ineffective assistance of counsel claims in

6    either the Third District Court of Appeal or the California Supreme Court.  The California Courts

7    website reflects that the only filings by petitioner were the direct appeal to the Third District

8    Court of Appeal in Case No. C065896, and the petition for review in Case No. S200248, neither

9    of which included any of petitioner's ineffective assistance of counsel claims.  The court takes

10   judicial notice of the absence of any record of petitioner having filed a petition for writ of habeas

11   corpus in either the Third District Court of Appeal, or in the California Supreme Court.

12            Thus, petitioner has failed to exhaust state court remedies for all of the claims

13   raised in the instant petition.  Although petitioner claims that the instant petition contains both

14   exhausted and unexhausted claims, the instant petition only raises ineffective assistance of

15   counsel claims, and none of the ineffective assistance of counsel claims have been presented to

16   the California Supreme Court.  Further, there is no allegation that state court remedies are no

17   longer available to petitioner.  Accordingly, the petition is subject to dismissal, without

18   prejudice, based on petitioner's failure to first exhaust state court remedies.[5]

19   III.  Stay of Proceedings

20            Petitioner seeks to stay this action while he exhausts his state court remedies.

21            A habeas petitioner may request that a federal action be stayed to allow for

22   exhaustion in state court.  Federal law recognizes different procedures that a prisoner may use to

23
24            [5]  Petitioner is cautioned that the habeas corpus statute imposes a one year statute of
     limitations for filing non-capital habeas corpus petitions in federal court.  In most cases, the one
25   year period will start to run on the date on which the state court judgment became final by the
     conclusion of direct review or the expiration of time for seeking direct review, although the
26   statute of limitations is tolled while a properly filed application for state post-conviction or other
     collateral review is pending.  28 U.S.C. § 2244(d).

4

1    stay a federal habeas action.  See Rhines v. Weber, 544 U.S. 269 (2005) (staying timely mixed

2    petition); Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003) (allowing prisoner to dismiss

3    unexhausted claims and stay action as to exhausted claims subject to potential later amendment

4    of petition).

5           However, there is no recognized procedure under which a prisoner may stay a

6    federal petition that contains no exhausted claims.  In Rasberry v. Garcia, 448 F.3d 1150, 1153

7    (9th Cir. 2006), the Ninth Circuit expressly declined to apply the Rhines stay procedure to a

8    habeas petition that "contained only unexhausted claims."  Id.  Instead, the court held that when a

9    district court "concludes that a habeas petition contains only unexhausted claims[,] it may simply

10   dismiss the habeas petition for failure to exhaust."  Id.; see also Jiminez v. Rice, 276 F.3d 478,

11   481 (9th Cir. 2001) ("Once Rice moved for dismissal, the district court was obliged to dismiss

12   immediately, as the petition contained no exhausted claims") (internal quotation omitted).

13          Petitioner's habeas action consists of wholly unexhausted claims.  That procedural

14   posture precludes the court from entering either a Rhines or Kelly stay.  Therefore, dismissal

15   without prejudice is the proper remedy.

16   IV.  Conclusion

17          IT IS HEREBY ORDERED that the Clerk of the Court is directed to serve a copy

18   of these findings and recommendations together with a copy of the petition filed in the instant

19   case on the Attorney General of the State of California;

20          IT IS RECOMMENDED that:

21          1.  Petitioner's April 12, 2013 motion for stay (ECF No. 2) be denied; and

22          2.  Petitioner's application for a writ of habeas corpus be dismissed, without

23   prejudice, for failure to exhaust state remedies.

24          These findings and recommendations will be submitted to the United States

25   District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within

26   fourteen days after being served with these findings and recommendations, petitioner may file

written objections with the court.  The document should be captioned "Objections to Findings and Recommendations."  If petitioner files objections, he shall also address whether a certificate of appealability should issue and, if so, why and as to which issues.  A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(3).  Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:  May 23, 2013

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

thie0722.156