IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SANDOR TORRES THIESSEN,

    Petitioner,

vs.

WILLIAM KNIPP, Warden,

    Respondent.

No. 2:13-cv-0722 LKK KJN P

ORDER

I. Introduction

    Petitioner is a state prisoner proceeding without counsel. Petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with an application to proceed in forma pauperis.

    Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit. Accordingly, the application to proceed in forma pauperis is granted. See 28 U.S.C. § 1915(a).

    On April 12, 2013, petitioner filed a motion to stay this action while he awaits a ruling on his ineffective assistance of counsel claims in the Sacramento County Superior Court. Petitioner challenges his 2010 conviction, raising six claims of alleged ineffective assistance of trial counsel. (ECF No. 4-8.) Petitioner states that he filed a petition for writ of habeas corpus in the

1

Sacramento County Superior Court, but that his petition was not considered on the issues he submitted, and was denied on issues he did not raise in the March 18, 2013 petition. (ECF No. 2.) Petitioner states that he has re-submitted his claims to the superior court and asked the court to consider his claims for exhaustion purposes. Petitioner seeks to stay this action, which he contends contains both exhausted and unexhausted claims. (Id.)

On May 23, 2013, the undersigned recommended that this action be dismissed based on petitioner's failure to exhaust state remedies, and that petitioner's motion for stay be denied. However, upon closer examination of the petition for review filed in the California Supreme Court, it appears that appellate counsel raised an alternative argument of ineffective assistance of counsel within at least one of petitioner's claims. (ECF No. 1 at 262.) Thus, the petition is a mixed petition, containing both exhausted and unexhausted claims. Therefore, the findings and recommendations are vacated, and petitioner must decide how he wishes to proceed.

II. Stay of Proceedings

Petitioner seeks to stay this action while he exhausts his state court remedies as to some of his ineffective assistance of counsel claims. (ECF No. 2.) Petitioner appended a declaration of factual innocence.

A federal district court may not address the merits of a petition for writ of habeas corpus unless the petitioner has exhausted state court remedies with respect to each of his federal claims. Rose v. Lundy, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b)(1). A habeas petitioner may request that a federal action be stayed to allow for exhaustion in state court. However, federal law recognizes different procedures that a prisoner may use to stay a federal habeas action. See Rhines v. Weber, 544 U.S. 269 (2005) (staying timely mixed petition); Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003) (allowing prisoner to dismiss unexhausted claims and stay action as to exhausted claims subject to potential later amendment of petition).

First, under Rhines, a district court may stay a mixed petition if the following conditions are met: (1) "the petitioner had good cause for his failure to exhaust," (2) "his unexhausted

claims are potentially meritorious," and (3) "there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." Id., 544 U.S. at 278. The Supreme Court has made clear that this option "should be available only in limited circumstances." Id. at 277. Moreover, a stay that is granted pursuant to Rhines may not be indefinite; reasonable time limits must be imposed on a petitioner's return to state court. Id. at 277-78.

"Good cause" under Rhines is not clearly defined. The Supreme Court has explained that in order to promote the Anti-Terrorism and Effective Death Penalty Act's ("AEDPA") twin goals of encouraging the finality of state judgments and reducing delays in federal habeas review, "stay and abeyance should be available only in limited circumstances." Rhines, 544 U.S. at 277. The Ninth Circuit has provided no clear guidance beyond holding that the test is less stringent than an "extraordinary circumstances" standard. Jackson v. Roe, 425 F.3d 654, 661-62 (9th Cir. 2005). Several district courts have concluded that the standard is more generous than the showing needed for "cause" to excuse a procedural default. See, e.g., Rhines v. Weber, 408 F. Supp. 2d 844, 849 (D. S.D. 2005) (applying the Supreme Court's mandate on remand). This view finds support in Pace, where the Supreme Court acknowledged that a petitioner's "reasonable confusion" about the timeliness of his federal petition would generally constitute good cause for his failure to exhaust state remedies before filing his federal petition. Pace v. DiGuglielmo, 544 U.S. 408, 416-17 (2005). However, in Wooten v. Kirkland, 540 F.3d 1019 (9th Cir. 2008), the Ninth Circuit ruled that petitioner did not show good cause by arguing that he was "under the impression" that his counsel had raised all claims before the state court of appeal. Wooten, 540 F.3d at 1024. The Ninth Circuit explained that finding good cause in that argument "would render stay-and-abey orders routine" and "would run afoul of Rhines and its instruction that district courts should only stay mixed petitions in 'limited circumstances.'" Wooten, 540 F.3d at 1024.

Second, the court may also stay a petition setting forth only exhausted claims, to permit exhaustion of additional claims with the intention that they will be added by amendment

following exhaustion.  King v. Ryan, 564 F.3d 1133 (9th Cir. 2009) (citing Kelly, 315 F.3d at 1063).  If the petition currently on file was fully exhausted, petitioner could seek a stay-and-abeyance order to exhaust claims not raised in that federal petition under Kelly.  However, the Ninth Circuit has warned that "[a] petitioner seeking to use the Kelly procedure will be able to amend his unexhausted claims back into his federal petition once he has exhausted them only if those claims are determined to be timely . . . [a]nd demonstrating timeliness will often be problematic under the now-applicable legal principles."  King, 564 F.3d at 1140-41.  Timeliness of the new claims will depend on whether they relate back to the original, timely filed claims.  Id., citing Mayle v. Felix, 454 U.S. 644 (2005).

Here, petitioner's motion for stay does not address which procedure petitioner seeks to use, and he does not address the Rhines conditions.  Thus, petitioner's motion for stay is denied without prejudice to its renewal.  If petitioner seeks to choose the Rhines approach, he must renew the motion for stay and address the three Rhines conditions set forth above.  If petitioner seeks to stay this action under Kelly, petitioner must submit an amended petition along with his renewed motion for stay, taking care to raise only exhausted claims.

Petitioner is admonished that if he fails to respond to this order, the court will recommend that petitioner's unexhausted claims be dismissed without prejudice, and that this action will proceed solely on the exhausted claims.[1]

////

---

[1] Petitioner is cautioned that if he chooses to proceed on an amended petition raising only exhausted claims he will risk forfeiting consideration of the unexhausted claims in this or any other federal court.  See McCleskey v. Zant, 499 U.S. 467 (1991); see also Rose, 455 U.S. at 520-21; Rule 9(b), Rules Governing Section 2254 Cases.

Petitioner is further cautioned that the habeas corpus statute imposes a one year statute of limitations for filing non-capital habeas corpus petitions in federal court.  In most cases, the one year period will start to run on the date on which the state court judgment became final by the conclusion of direct review or the expiration of time for seeking direct review, although the statute of limitations is tolled while a properly filed application for state post-conviction or other collateral review is pending.  28 U.S.C. § 2244(d).

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's motion to proceed in forma pauperis is granted;

2. The May 23, 2013 findings and recommendations (ECF No. 11) are vacated;

3. Petitioner's motion for stay (ECF No. 2) is denied without prejudice; and

4. Within thirty days from the date of this order, petitioner shall renew his motion for stay. If petitioner seeks to stay this action under Rhines, he must address the three Rhines conditions set forth above. If petitioner seeks to stay this action under Kelly, petitioner must submit an amended petition, raising only exhausted claims. Failure to file a motion for stay in compliance with this order will result in a recommendation that petitioner's unexhausted claims be denied, and that this action proceed solely on petitioner's exhausted claims.

DATED: June 27, 2013

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

thie0722.stay

5